[See Cases Nos. 10,209–10,212.]

## Case No. 10,209.

In re NEW YORK MAIL STEAMSHIP CO.

[2 N. B. R. 74 (Quarto, 26).] [1]

District Court, S. D. New York. Aug. 12, 1868.

BANKRUPTCY—REMOVAL OF ASSIGNEE.

In bankruptcy.

## Case No. 10,210.

In re NEW YORK MAIL STEAMSHIP CO.

[2 N. B. R. 423 (Quarto, 137); 1 Chi. Leg. News, 210.] [1]

Circuit Court, S. D. New York. Feb. 27, 1869.

BANKRUPTCY—COUNSEL FEES—SERVICES BY SALE OF ASSIGNEE.

1. No charges for professional services of counsel to assignees will in general be allowed, where the services were rendered prior to the appointment of the assignees.

2. Where two assignees were jointly appointed, a charge for professional services by the son of one of them disallowed, as tending to abuses.

[Cited in Re Nounnan, 7 N. B. R. 22.]

In bankruptcy.

[This case is reported as first heard upon the question of removal of one of the assignees. Case No. 10,209.]

BLATCHFORD, District Judge. The bill of James Emott is allowed at two thousand five hundred and fifty dollars, all the items being allowed except the counsel fee, in proceedings to obtain adjudication of bankruptcy, and counsel fee in suit to restrain forfeiture of lease of pier, both of those items being for services prior to the election of assignees. The bill of Andrew Hennion, Jr., is wholly disallowed. Converse & Lyman are entitled to the amount of a bill of costs to be taxed to the petitioning creditors, as successful parties in the proceedings to put the company into bankruptcy. This bill would include the seventy-two dollars and seventy-five cents disbursements named by them, and twenty dollars solicitor's fee, and such other

[1] [Reprinted from 2 N. B. R. 423 (Quarto, 137) by permission. 1 Chi. Leg. News, 210, contains only a partial report.]

[1] [Reprinted by permission.]

items as are taxable under the regular equity fee bill, the bankruptcy act, and the general orders. The two hundred dollars counsel fee charged by them is disallowed. The eighty-nine dollars charged by them in the suit in the common pleas is disallowed. John McDonald's bill is allowed at two thousand two hundred and eighteen dollars and fifteen cents. The general principle adopted is, that no charges for professional services of counsel can be allowed against the assets in the hands of the assignees, for payment in full, and as expenses of the assignees in the administration of their trust, which were rendered prior to the appointment of the assignees. Perhaps, under special circumstances, services might be included which were rendered as far back as the adjudication of bankruptcy; but the general principle before referred to, covers, I believe, all the items disallowed in the bills of Mr. Emott and of Converse & Lyman. The bill of Mr. Hennion, one thousand and sixty-five dollars, is disallowed, because, on the testimony, he cannot be regarded as having acted as counsel or attorney for the assignees. Besides, in a case like this, where there are two assignees, who unite in the employment of counsel as competent as Mr. Emott and Mr. McDonald, and no necessity is shown for the services of a son of one of the assignees, on behalf of the estate, he must be regarded as acting on behalf of his father as an individual. If one assignee could charge the estate in this way for the benefit of one person, the other might do the same for another person, and great abuses might creep in.

[NOTE. The case was subsequently heard upon claim of counsel for company, before its bankruptcy, to have a lien upon certain papers in their hands for fees due them. Case No. 10,211. This claim, together with others, was referred to the register to examine proofs. Id. 10,212. The case is finally reported as heard upon the matter of allowance to petitioning creditor for counsel fees. Id. 10,208.]